HEIRS OF RAMÓN CUADRA RODRÍGUEZ AND MARÍA JOSÉ GÓMEZ, Plaintiffs and Appellants, *v.* JOSEFA LÓPEZ CUADRA ET AL., Defendants and Appellees.

No. 4564. Argued November 14, 1929.—Decided May 27, 1930.

*González Fagundo & González Jr.* for appellants. *Arturo Aponte* for appellees.

MR. JUSTICE WOLF delivered the opinion of the Court.

In the title there appears to be a plurality of plaintiffs, but all the persons interested in the suit conveyed their rights to a single person to be known as the plaintiff in this case.

In 1885 the predecessor in title of the present plaintiff conveyed a piece of land to Pedro Regalado López, the predecessor in title of the defendants. It is admitted on all sides that the deed to the land described the property conveyed as composed of about 15 acres. There was evidence tending to show that the said López took possession not only of the 15 acres, but of more land which according to the complaint and some of the evidence, amounted to 24 acres additional. The suit was brought to recover the additional land nominally alleged to be 24 acres. The defendants

deny having any land of the plaintiff, but also set up that any land they have, they and their ancestors have been in possession of it for more than 30 years and that the action of the plaintiff had prescribed by virtue of section 1864 of the Civil Code. The court decided that this defense of the defendants lay and that the action had in fact prescribed by virtue of the said section 1864.

The appellant correctly maintains that the action of the plaintiff only prescribed from the moment at which the said plaintiff or his predecessor could have brought an action of revendication. As a basis for his assignment of error, however, he insists that there is evidence tending to show that Pedro Regalado López originally held the extra land as a tenant of the said predecessor in title of the plaintiff. In finding and holding that the action had prescribed, the district court said as follows:

"With respect to the evidence to prove this (the lease) we have a great doubt of its existence, inasmuch as the witnesses differ as to the form, place and time when such contract was entered into along with the details of the same."

The idea of the appellant is that the uncontradicted evidence of the plaintiff showed that such a lease was made to Pedro Regalado López.

It is unquestionably true according to the Law of Evidence that the direct evidence of one witness who is entitled to full credit, is sufficient for proof of any fact except perjury and treason, and it is also true that a witness is presumed to speak the truth. These precepts, however, in no manner prevent a court from disbelieving the testimony of a witness or a set of witnesses.

This was a case in which the witnesses of the plaintiff in 1921 were claiming that the property was leased to Pedro Regalado López orally. Such a statement after the lapse of so many years, where the principal actors were dead, required strong proof. We have examined the evidence which

the appellant does not attempt to analyze carefully, and we too think that it was in the main uncertain and that the court had a right to disbelieve it.

As has happened in other cases, we regret the failure of the appellee to aid the court with the filing of a brief.

The judgment appealed from will be affirmed.

Mr. Justice Hutchison took no part in the decision of this case.